UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LUIS OLIVARES,<br><br>     Plaintiff,<br><br>  vs.<br><br>L.A. RAMPART STATION;<br>CRASH OFFICER GREENFIELD;<br>L.A. COUNTY JAIL WAY SIDE;<br>EL PASO VISE UNIT; EL PASO<br>DETENTION FACILITY; YANG DALE &<br>SAIDEN LAW FIRM; PROGRESSIVE AUTO<br>INSURANCE CO.; A.T.F. DEREK HILL,<br>D.E.A.; CARL ARMSTRONG; ADAM<br>COUNTY PUBLIC DEFENDERS OFFICE;<br>ARROWHEAD COUNTRY CLUB;<br>MICHELLE BLACK ELK;<br>SHATORI BLACK ELK; and<br>ALL COUNCIL BOARD MEMBERS,<br><br>     Defendants. | CIV. 14-5061-JLV<br><br><br><br>ORDER GRANTING *IN FORMA<br>PAUPERIS* AND DISMISSING CASE |

On September 25, 2014, plaintiff Luis Olivares, a federal inmate housed at the Pennington County Jail in Rapid City, South Dakota, filed a multiple count complaint against the defendants.   (Docket 1).   Mr. Olivares also moves for leave to proceed *in forma pauperis* and submitted a current copy of his prisoner trust account report.   (Dockets 2 & 3).

Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act (PLRA), governs proceedings filed *in forma pauperis*.   When a prisoner files a civil action *in forma pauperis*, the PLRA

requires a prisoner to pay an initial partial filing fee when possible.   See 28 U.S.C. § 1915(b)(1).   The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.   In support of his motion, Mr. Olivares provided a copy of his prisoner trust account report signed by an authorized prison official.   (Docket 4).   The report shows an average monthly deposit for the past six months of $114.00, an average monthly balance for the past six months of $19.00, and a current balance of $79.21.   Id.   In light of this information, the court finds Mr. Olivares is indigent, qualifies for *in forma pauperis* status, and is required to make an initial partial filing fee of $22.80.   These findings do not discharge the $350 filing fee, but rather allow a prisoner the opportunity to pay the filing fee in installments.   See 28 U.S.C. § 1915(b) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.").

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.   This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee."   Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished)

(citing <u>Carr v. Dvorin</u>, 171 F.3d 115, 116 (2d Cir. 1999).   During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915A(b).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).   The court may dismiss a complaint under § 1915(e)(2)(B)(i) and § 1915A(b)(1) as frivolous as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."   <u>Id.</u> at 327.

Because Mr. Olivares is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."   <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

Mr. Olivares used a Civil Rights Complaint By A Prisoner form.   (Docket 1).   Under Section A. Jurisdiction, Mr. Olivares did not check the box asserting jurisdiction under 1(a) 28 U.S.C. § 1343(a)(3), or 42 U.S.C. § 1983; or 1(b)

3

28 U.S.C. § 1331; or <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971); or 1(c) Other.   <u>Id.</u> at p. 1(A)(1)(a), (b) & (c).   For the following analysis, the court presumes Mr. Olivares intended to bring this action under § 1983 or <u>Bivens</u>.

Mr. Olivares' complaint contains three separate counts.   Count 1 alleges "my constitutional rights were violated [,] my civil rights as a human being were violated." (Docket 1 at p. 3).   On the complaint form for designation of the issues presented Mr. Olivares checked "retaliation."   <u>Id.</u>   He claims at age 15 his rights were violated by an officer's use of excessive force at some point in time before 1993.   <u>Id.</u>   Mr. Olivares also claims a law firm representing him during that time period missed the statute of limitations for pursuing his claim.   <u>Id.</u> Mr. Olivares alleges he is "suffering pain, mental, lost an eye [and] head injurys" as a result of the defendants' actions.   <u>Id.</u>

Count 2 alleges "my constitutional rights were violated [,] civil rights were violated."   <u>Id.</u> at p. 4.   On the complaint form for designation of the issues presented, Mr. Olivares checked "retaliation."   <u>Id.</u>   He alleges his rights were violated in 1998 when he was involved in a car accident, suffered a head injury and was not compensated by the insurance company.   <u>Id.</u>   In the same count, Mr. Olivares alleges a law enforcement officer planted illegal drugs on him and then made him plead guilty to a felony charge of escape.   <u>Id.</u>   Mr. Olivares alleges he suffered "head injurys [sic], mental suffer[ing], and pain"   <u>Id.</u>

In count 3, Mr. Olivares alleges his "constitutional rights were violated, civil rights as a human being." Id. at p. 5. On the complaint form for designation of the issues presented, Mr. Olivares checked "excessive force by an officer." Id. Mr. Olivares alleges a number of the defendants working together covered up the death of his brother and a border patrol agent by injuring Mr. Olivares and other unlawful conduct. Id. Mr. Olivares alleges he suffered "head injurys [sic], mental suffer[ing] & pain, headaches, nightmares."

In the request for relief section of the complaint form, Mr. Olivares seeks "3 billion dollars." Id. at p. 6.

A claim under § 1983 requires a plaintiff to allege and prove the defendants were acting under color of state law in depriving the plaintiff of a right secured by the Constitution of the United States. "Every person who, under color of any statute [or] regulation . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983. Section 1983 does not confer subject matter jurisdiction. The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law. 42 U.S.C. § 1983.

The claims against the defendants who are or may be considered state actors are the only individuals against whom Mr. Olivares could pursue a § 1983 claim. Federal officials do not act under state law. A Bivens claim is a

constitutional claim brought against federal officials acting under color of federal law, rather that state officials acting under color of state law.   See Bivens, 403 U.S. 388 (1971).   "[A] Bivens action is analogous to a claim under 42 U.S.C. § 1983.   The law developed under the two doctrines applies equally to the two types of cases, regardless of whether the action is a Bivens action or a § 1983 action."   Abebe v. Seymour, C.A. No. 3-12-377-JFA-KDW, 2012 WL 1130667 at *2, n.3 (D.S.C. April 4, 2012) (citing Wilson v. Layne, 526 U.S. 603, 609 (1999)).

A Bivens action "may not be asserted against the United States, its agencies, or against federal employees in their *official* capacity."   Chavez-Garcia v. Kopf, No. 4:06cv3114, 2006 WL 1401686 at *1 (D. Neb. May 18, 2006) (emphasis in original) (holding a Bivens action did "not state a viable cause of action" against a federal district judge in his or her official capacity).   A claim against a defendant in his or her official capacity is a suit against the United States.   "A claim cannot be brought against the United States unless the United States waives its sovereign immunity and consents to be sued.   The United States has not waived its sovereign immunity in Bivens actions."   Dockery v. Miller County Sheriff's Dept., Civil No. 4:10-cv-4070, 2011 WL 4975185 at *4 (W.D. Ark. Sept. 12, 2011).

The court finds the doctrine of sovereign immunity bars Mr. Olivares' claims against the individual federal defendants in their official capacities. Claims against agencies of the United States government are claims against the United States.   Sovereign immunity bars those claims as well.

6

There are no specific allegations rising to the level of a constitutional right charged against those defendants sued in their individual capacity.   The allegations in the complaint are so irrational and scattered in time, events, relationships and historical settings that no constitutional claim exists.   Mr. Olivares has no individual constitutional right in the claims made.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint, unless amendment would be inequitable or futile.   In this instance, Mr. Olivares cannot amend his complaint to allege a valid § 1983 claim or Bivens claims involving the general nature of the topics alleged.

Mr. Olivares was cautioned in Olivares v. Fort Devens, CIV. 13-5037-JLV, of the consequences of seeking to proceed *in forma pauperis*.[1]   "[I]f . . . Mr.

---

[1]Mr. Olivares has four cases presently pending in the United States District Court for the District of South Dakota: United States v. Olivares, et al, CR. 10-50118-JLV; Olivares v. Sally, et al., CIV. 12-5091-JLV; Olivares v. Haak, et al., CIV. 13-5048-JLV; Olivares v. States Attorney Kathryn Rich, et al., CIV. 14-5064-JLV.   The first two civil cases are stayed pending resolution of Mr. Olivares's criminal case.   (Dockets 8, CIV. 12-5091, and 5, CIV 13-5048-JLV). In the third civil case, Olivares v. States Attorney Kathryn Rich, a report and recommendation was filed by a magistrate judge recommending the complaint be dismissed for failing to state a claim upon which relief may be granted and as frivolous or malicious.   (CIV. 14-5074-JLV, Docket 19 at p. 12).   The time period within which to file objections to the report and recommendation has not yet expired.   In Fort Devens, Mr. Olivares did not pay the filing fee and did not apply to proceed *in forma pauperis* so the case was dismissed.   (Docket 4, CIV. 13-5037-JLV).   In another recent civil case, Olivares, et al, v. Mark Vargo, et al, CIV. 14-5055-JLV, this court dismissed the complaint as "being frivolous and failing to state a claim upon which relief can be granted."   (Docket 5 at p. 13). This court also assessed a "first strike against Mr. Olivares for purposes of the three-strike rule under 28 U.S.C. § 1915(d)."   Id.

Olivares is granted permission to proceed *in forma pauperis*, the court is required to screen the case and dismiss the complaint if it is either found to be frivolous, maliciously filed, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). . . . [And] Mr. Olivares will incur a strike if the complaint is dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.   Federal law provides that a prisoner who has had three cases dismissed (three strikes) for the reasons mentioned in the previous sentence cannot bring a civil action or appeal unless the prisoner is in imminent danger of serious physical injury.   28 U.S.C. § 1915(g)."   Fort Devens, CIV. 13-5037-JLV, Docket 3 at pp. 2-3.   Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   Accordingly, it is hereby

ORDERED that Mr. Olivares' motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of Mr. Olivares shall promptly forward the sum of $22.80, and thereafter, whenever the amount in Mr. Olivares' trust account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court for the United

States District Court, District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), plaintiff's complaint (Docket 1) is dismissed as frivolous and for failing to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that this action constitutes a second strike against Mr. Olivares for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated November 17, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE

9